UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANK WILSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | CASE NO.　C08-5097RJB<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for October 24, 2008 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been fully briefed. In response to Plaintiff's Opening Brief, Defendant concedes that the matter should be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. Plaintiff did not file a reply brief. Accordingly, the only issue before the court is whether or not remand is an appropriate remedy. After reviewing the record, the undersigned recommends that the Court remand the matter for further proceedings.

## PROCEDURAL HISTORY

This Social Security disability case began in November 15, 2002, when Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401-34. Tr. 56-58. Plaintiff alleges disability since April 1, 1999, due to post-traumatic stress disorder (PTSD), bone degeneration, numbness in the legs, hands, and feet, anxiety disorder, and bipolar disorder (Tr. 19, 462).

1  Following a court remand from the U.S. District Court in Oregon, an administrative law judge

2  (ALJ) held a hearing in September 2007 and heard testimony from two witnesses: a medical expert and a

3  vocational expert (Tr. 542-564). On October 20, 2007, the ALJ issued a decision finding Plaintiff not

4  disabled under the Act (Tr. 460-479). Since the Appeals Council had previously denied review, the ALJ's

5  decision was final. 20 C.F.R. § 422.210. Plaintiff filed a complaint for judicial review before this court.

6  Plaintiff was only insured through March 31, 2004 (Tr. 460). Therefore, the relevant period under

7  review is from April 1, 1999 (alleged disability onset date), to March 31, 2004 (Plaintiff's date last

8  insured).

9  Plaintiff argues the matter should either be remanded because of the ALJ's failure to properly

10  consider his application for social security benefits. Specifically, Plaintiff argues the following:

11  1. The ALJ misconstrued the medical expert's (Dr. McDevitt) testimony – the ALJ erroneously

12  stated that Dr. McDevitt opined that Plaintiff's "alleged PTSD" was "not a substantial issue," when in

13  fact Dr. McDevitt stated the opposite – and Dr. McDevitt's testimony supports an award of benefits at

14  step-three of the administrative process;

15  2. The ALJ failed to include all of the mental functional limitations opined by Dr. McDevitt in the

16  hypothetical question posed to the Vocational Expert, upon which the ALJ relied to determine Plaintiff

17  was capable of performing other jobs in the national economy (step-five error);

18  3. The ALJ failed to properly consider Plaintiff's residual functional capacity, i.e., the ALJ failed

19  to properly consider Dr. McDevitt's opinion;

20  4. The ALJ erred in his credibility assessment of Plaintiff and the lay evidence;

21  5. The ALJ incorporated his flawed residual functional capacity assessment into the hypothetical

22  posed to the vocational expert; and

23  6. The ALJ erred by failing to find that Plaintiff's physical impairments were non-severe.

24  In response to Plaintiff's Opening Brief, Defendant concedes the administration erred when it

25  made its most recent decision denying Plaintiff's application for social security benefits. Defendant,

26  however, contends remand for further proceeds is the appropriate remedy, not remand or reversal for

27  benefits as asserted by Plaintiff.

28  <u>DISCUSSION</u>

The decision whether to remand a case for further proceedings or simply to award benefits is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1176-1178 (9th Cir. 2000). An award of benefits is appropriate when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed and there is not sufficient evidence to support the ALJ's conclusion. Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989). Remand is appropriate where additional administrative proceedings could remedy defects. Id.; Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985) (*citing* Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984)). Where remand would only delay the receipt of benefits, judgment for the claimant is appropriate. Rodriguez, 876 F.2d at 763.

A court may remand a Social Security disability case under either sentence four or sentence six of 42 U.S.C. § 405(g). Hoa Hong Van v. Barnhart, 483 F.3d 600, 605 (9th Cir. 2007). A sentence-four remand is essentially a determination that the Commissioner erred in some respect in denying benefits. Id. (citations omitted). The court may order a sentence-six remand if the Commissioner requests a pre-answer remand or on the basis of new, material evidence presented to the court that was for good cause not presented to the Commissioner during the administrative proceedings. Id. In a sentence-six remand, the court does not rule in any way on the correctness of the Commissioner's decision, but orders the Commissioner to consider the new evidence on remand and return to court with the updated record and decision. Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991).

Plaintiff states, "The essential issue for this Court is whether to reverse and order payment of benefits or to reverse and remand for a third hearing with an ALJ other than ALJ Jones since ALJ Jones has had two bites at the apple. The focus of this appeal is on the testimony of the ME and VE." Plaintiff's Opening Brief at 19.

Defendant does not oppose Plaintiff's request for a new ALJ on remand, and Defendant makes a compelling argument that further proceedings are warranted. For example, evidence from the medical expert was unclear and did not firmly establish that Plaintiff met the second and fourth "B" criteria under Listing 12.06 at step-three of the evaluation process (Tr. 549, 551-552). Dr. McDevitt first assessed that Plaintiff had marked limitation in social functioning but "on the level of concentration, persistence, or pace, we don't have that that is an impairment that would be moderate to mild" (Tr. 550). The medical expert testified that Plaintiff was markedly limited in dealing with the general public, and accepting

criticism and responding appropriately to coworkers and supervisors (Tr. 553). Dr. McDevitt testified that Plaintiff had a marked limitation in getting along with supervisors (Tr. 553-555). The medical expert also stated that the first assessment only revealed mild limitations in the "B" criteria; it was unclear which assessment the medical expert was referring to because at this point, Plaintiff had an outburst and the testimony was interrupted (Tr. 554). Rather than remand for an allowance of benefits, further consideration of the medical expert's testimony is necessary. Accordingly, the Court should remand this case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## CONCLUSION

Based on the foregoing, the undersigned recommends that the Court REMAND the matter to the administration for further review. On remand a newly assigned ALJ should (i) conduct a new hearing, further develop the record and issue a new decision; (ii) review Plaintiff's work activity from 1999 through 2002; (iii) reevaluate and further develop the medical opinions of record with the assistance of a medical expert; (iv) further evaluate Plaintiff's mental and physical impairments; (v) reconsider the disability rating from the Veterans Administration; (vi) reevaluate whether Plaintiff's impairments meet Listing 12.06; (vii) reassess Plaintiff's RFC and provide appropriate limitations for all severe impairments in conjunction with the medical evidence from treating and examining sources; and (viii) reevaluate step-five with the assistance of a vocational expert.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 24, 2008**, as noted in the caption.

DATED this 30th day of September, 2008.

                                          */s/ J. Kelley Arnold*
                                          J. Kelley Arnold
                                          U.S. Magistrate Judge